UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TEDDY-LAWRENCE, | Case No. 11-10980 |
| Plaintiff, | David M. Lawson |
| v. | United States District Judge |
| BETSY MELLOS, RICK SNYDER, SUE CERR SNYDER, DEBBIE STABENOW, PETER J. MACERONI, DAVID F. VIVIANO, DIANE M. DRUZINSKI, DONALD G. MILLER, JOHN C. FOSTER, JUDY C. SWITALSKI, MARY A. CHRZANOWSKI, RICHARD L. CARETTI, TRACEY A. YOKICH, DONALD STEWART, PHILLIP E. DUPLESSIS, CATHERINE B. STEENLAND, RICHARD M. STEENLAND, MATTHEW SWITALSKI, MARK S. SWITALSKI, EDWARD A. SERVITTO, JR., and JAMES. M. BIERNAT, JR., | Michael Hluchaniuk United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION
MOTIONS TO DISMISS (Dkt. 17, 25, 29, 32, 33, 38) AND
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 36)**

**I.    PROCEDURAL HISTORY**

Plaintiff filed this complaint on March 11, 2011 against a variety of state and federal government employees and their spouses claiming a variety of constitutional and other wrongs. (Dkt. 1). This matter was referred to the undersigned for all pretrial proceedings. (Dkt. 6).

Defendant Troopers Duplessis and Stewart were involved in the May 27, 2010 traffic stop, arrest, and ongoing criminal prosecution of plaintiff. Plaintiff's claims against these two defendants were the subject of an earlier federal case, which was dismissed with prejudice. (Case No. 10-12991, Dkt. 55, 57, 58). Troopers Duplessis and Stewart have filed a motion to dismiss in this case, for the same reasons the earlier case was dismissed. (Dkt. 17). Plaintiff has not filed a response to this motion, despite being ordered to do so. (Dkt. 23).

The undersigned issued an order for plaintiff to show cause by the claims against defendant Macomb County District Court Judge Catherine Steenland should not be dismissed, based on the dismissal entered in Case No. 10-12991. (Dkt. 19). In response, plaintiff says that the instant case is different from the earlier dismissed case because in this case, he is requesting the aid of the Court to get the defendants criminally prosecuted for their "hateful attitude towards the constitution of Michigan and the U.S." (Dkt. 20). According to plaintiff, the Court not only has the right to keep the civil case going, but has a duty to file criminal charges against all the defendants. *Id.* Defendant Richard Steenland moved to be added to the Order to Show Cause. (Dkt. 21).[1]

---

[1] As set forth in this Report and Recommendation, the undersigned concludes that all of plaintiff's claims are frivolous and without merit, including those against Judge Steenland and her husband, Richard Steenland. Thus, the motion to add Richard Steenland to the Order to Show Cause will be denied via separate order as moot.

Defendant Debbie Stabenow filed a motion to dismiss on October 14, 2011, asserting that plaintiff lacks standing, the Court lacks subject matter jurisdiction, defendant Stabenow is shielded by sovereign and qualified immunity, plaintiff's claims are barred by the Tort Claims Act, and plaintiff failed to state a claim on which relief can be granted. (Dkt. 25). Plaintiff filed a response on November 7, 2011, asserting that defendant Stabenow failed to help him support the constitution and that her failure to support the constitution is a fraud. He also asserts that her claims of immunity are barred on the grounds that the U.S. Attorney's office is giving her a "Title of Nobility which is unconstitutional." Plaintiff says that defendant Stabenow had knowledge of the commission of a felony and did nothing to report it. Plaintiff also asserts that defendant Stabenow's immunity claims are invalid because she is a public servant.

Defendant Matthew Switalski, a Macomb County Circuit Court Judge, filed a motion to dismiss on November 10, 2011. (Dkt. 29). Defendant Judge Switalski asserts that plaintiff's claims are barred by *res judicata* and collateral estoppel, based on the earlier dismissed action, Case No. 10-12991. Judge Switalski also asserts that the Court lacks subject matter jurisdiction, that the claims are barred by judicial immunity, and that plaintiff fails to state a claim on which relief can be granted. Plaintiff filed a response on December 5, 2011. (Dkt. 31). Plaintiff argues that Judge Switalski does not have immunity under the Clearfield Doctrine

and because it is a Title of Nobility.  Plaintiff also says that defendants' charges are barred by the fruit-of-the-poisonous tree doctrine because he has right to travel so the traffic stop was unlawful.

Defendants Biernat, Caretti, Chrzanowski, Druzinski, Foster, Maceroni, Miller, Servitto, Mark Switalski, Viviano, and Yokich, who are all Macomb County Circuit Court Judges, filed a motion to dismiss on December 21, 2011. (Dkt. 32).  They assert that the Court lacks subject matter jurisdiction, that they are immune under the Eleventh Amendment, and that plaintiff has failed to state a claim.  Plaintiff asserts similar arguments as described above regarding why defendants' claims of immunity must fail.  (Dkt. 35).

Defendant Betsy Mellos filed a motion to dismiss on January 6, 2012.  (Dkt. 33).  Defendant Mellos is the assistant prosecuting attorney assigned to the criminal case against plaintiff pending before Judge Switalski.  Defendant Mellos asserts that plaintiff's claims are barred by the doctrine of absolute immunity, that the Court lacks subject matter jurisdiction over plaintiff's claims, and that plaintiff has failed to state a claim.  In response, plaintiff asserts similar arguments as described above regarding why defendants' claims of immunity must fail.  (Dkt. 35).

Defendants Rick and Sue Snyder filed a motion to dismiss on March 7, 2012.  (Dkt. 38).  The Snyder defendants ask the Court to dismiss the complaint

against them for the same reasons set forth in the August 29, 2011 Report and Recommendation in Case No. 10-12991, for lack of subject matter jurisdiction, on the basis of qualified and absolute immunity, and because plaintiff has failed to state a claim. In response, plaintiff asks for summary judgment in his favor, objects to defendant Sue Snyder being represented by the Attorney General's office, and asks the Court to file a complaint for fraud with the Federal Bureau of Investigation. Plaintiff also claims that Case No. 10-12991 "has been lien and claimed as private property with the International Association of Commercial Administrators therefore it cannot be brought in this case with that claimants written permission because it would be stolen property..." (Dkt. 41, Pg ID 332). Plaintiff asserts that this Court has subject matter jurisdiction because he has a right to recover damages for injuries to his person and property. Plaintiff also asserts that his claim against Sue Snyder is valid because Governor Snyder agreed to be paid in Federal Reserve Notes for protecting plaintiff's rights under the constitutions, and when plaintiff sent him proof of the violations, he did nothing, which means that he took his oath under false pretenses, fraudulently took Federal Reserve Notes from the people and his wife helped him spend the stolen money. Because they filed jointly with the IRS and their money is intertwined, plaintiff says he has every right to bring his grievances against Sue Snyder in this Court.

    Plaintiff also filed a motion for summary judgment against Sue Snyder and

Judy Switalski, asserting that they were served with the summons and complaint, but have failed to answer the complaint. (Dkt. 36). Sue Snyder filed a response, asserting that the Complaint against her should be dismissed for the same reasons set forth in her motion to dismiss. (Dkt. 39).

For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motions to dismiss be **GRANTED**, that plaintiff's motion for summary judgment be **DENIED**, and that plaintiff's complaint be **DISMISSED** with prejudice.

## II.   FACTUAL BACKGROUND

Plaintiff's civil rights complaint that seems to be based on three main theories. First, he asserts that various public officials who are actually involved in the criminal proceedings against him (the county prosecutor, police officers, various state court judges, etc.) have violated his civil rights by their conduct in that proceeding. Second, plaintiff asserts that various other public officials (other state court judges, the Governor, a U.S. Senator, and others) failed to intervene to protect his rights when he requested that they do so. Third, plaintiff asserts that the spouses of some of these public officials are culpable because they have somehow conspired with their spouses to steal public funds.

## III.  ANALYSIS AND CONCLUSIONS

### A.  Dismissal Under Rules 8, 10, and 12 and for Lack of Subject Matter Jurisdiction

A district court "may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), citing *Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974); *see also In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims.).  In considering whether a complaint should sua sponte be dismissed for lack of subject matter jurisdiction, the Court is especially mindful that a *pro se* litigant's complaint is to be construed liberally. *Dekoven v. Bell*, 140 F.Supp.2d 748, 754 (E.D. Mich. 2001), citing *Middleton v. McGinnis*, 860 F.Supp. 391, 392 (E.D. Mich. 1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question.  *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976).  Further, "because access to the courts is essential to the enforcement of laws and protection of the values that are rooted deeply in our democratic form of government, this Court may not treat

lightly the claims of any litigant, even those whose contentions appear fantastic and baseless on their face." *Dekoven*, 140 F.Supp.2d at 754. Thus, every complaint is "entitled to a thorough review to determine whether it has merit and states a federally cognizable claim." *Id*. After a thorough and careful review of plaintiff's complaint, taking all allegations as true and construing them liberally, the undersigned is unable to discern any cognizable cause of action over which this Court might have jurisdiction and, therefore, recommends dismissal of plaintiff's entire complaint with prejudice on this basis.

The Federal Rules of Civil Procedure also require that a complaint (1) contain "a short and plain statement of the claim," and (2) "be simple, concise, and direct." Fed.R.Civ.P. 8(a), (e). Rule 10(b) states that claims must be made in numbered paragraphs; the contents of each are to be limited to a statement of a single set of circumstances; and, claims founded on separate transactions or occurrences are to be stated in separate counts if a separation facilitates a clear presentation. Here, plaintiff's amended complaint violates Rule 8(a) and Rule 10(b). "What constitutes a short and plain statement must be determined in each case on the basis of the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1217 at 240-41 (3d ed. 2004). A plaintiff properly pleads

a claim for relief by "briefly describing the events" supporting the claim. *Peabody v. Griggs*, 2009 WL 3200686, *3 (D. R.I. 2009), quoting *Sanjuan v. American Bd. Of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). The statement of the claim should be short because "unnecessary length places an unjustified burden on the court and on the party who must respond to it." *Id.*, quoting *Laurence v. Wall*, 2007 WL 1875794, *1 (D. R.I. 2007); *see also* Wright & Miller § 1281 at 709 ("[u]nnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage"). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted to enable him to answer and prepare for trial." *Id.*, quoting *Laurence*, 2007 WL 1875794 at *1. As noted by several courts, this principle is particularly significant because a defendant is required, pursuant to Rule 8(b), to "plead one of three alternatives in response to all of the allegations in a complaint..." *Id.*, quoting *Indiana Regional Council of Carpenters Pension Trust Fund*, 2006 WL 3302642, *2 (N.D. Ind. 2006); *see also Calderon-Garnier v. Sanchez-Ramos*, 439 F.Supp.2d 229 (D. P.R. 2006), aff'd, 506 F.3d 22 (1st Cir. 2007). But the complaint here presents a "dense thicket" of "incomprehensible" assertions. *See, e.g.*, *Eisenstein v. Ebsworth*, 148 Fed.Appx. 75, 77 (3d Cir. 2005) (affirming order dismissing complaint for, *inter alia*,

violating Rule 8).

Further, plaintiff's complaint is characterized by what many courts have described as "buzzwords" or "gibberish[.]" *See, e.g. Coghlan v. Starkey*, 852 F.2d 806, 812-16 (5th Cir. 1988) (collecting cases); *Ramos v. Thornburg*, 732 F.Supp. 696, 702 (E.D. Tex. 1989); *Yocum v. Summers*, 1991 WL 171389 (N.D. Ill. 1991); *McCutcheon v. N.Y. Stock Exchange*, 1989 WL 82007 (N.D. Ill. 1989); *U.S. v. Messimer*, 598 F.Supp. 992, 993 (C.D. Cal. 1984) (describing pleadings filed by *pro se* litigant as "thirty-four pages of bizarre, repetitive and incomprehensible claims, contentions and sometimes gibberish"); *Bryant v. U Haul*, 1994 WL 67803 (E.D. Pa. 1994) ("Aside from these slight variations, each complaint consists merely of an unintelligible recitation of unconnected names and places or similar gibberish.").

The requirement of a short, plain statement of the claim and entitlement to relief was not supplanted by the pleading standards set forth in *Twombly/Iqbal*. *See e.g.*, *Tamayo v. Blagojevich*, 526 F.3d 1074, 1082-83 (7th Cir. 2008) ("Although *Twombly* retooled federal pleading standards ... and retired the oft-quoted *Conley* motion to dismiss no set of facts standard, *Twombly* did not supplant the basic notice-pleading standard.") (internal quotation marks omitted); *see also Hensley Manufacturing v. Propride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). Indeed, a "plaintiff still must provide only enough detail to give the

defendant fair notice of what the claim is and the grounds upon which it rests...." *Tamayo*, 526 F.3d at 1083 (internal quotation marks and citation omitted). *Twombly* specifically provided that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, a complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625 (6th Cir. 2009), quoting *Ashcroft v. Iqbal*, 556 U.S. 662; 129 S.Ct. 1937, 1949 (2009).

Thus, in the wake of *Twombly/Iqbal*, a complaint must still comply with Rule 8(a), which prohibits excessively detailed, unnecessarily complicated, argumentative, and extraneous facts. *See e.g.*, *Lease v. Fishel*, 2009 WL 922486, *2 (M.D. Pa. 2009) (The "mash of allegations [in this complaint] read more like a novel than a legal pleading and frequently digress into improper argumentative detail."); *Fritz v. County of Kern*, 2009 WL 382741, *2 (E.D. Cal. 2009) (a "complaint is not a novel - background allegations and evidentiary detail are simply unnecessary and violate Rule 8(a)(2)."). The undersigned concludes that plaintiff's amended complaint contains far too much detail, extraneous information, and incomprehensible gibberish. And, "any claims that may meet the pleading requirements of Rule 8(a) as clarified by *Iqbal* and *Twombly* are simply

lost in the sea of insufficiently pled or wholly unsustainable claims." *Dumas v. Hurley Medical Center*, 2011 WL 1465785, *1 (E.D. Mich. 2011).

"As has been recognized by our circuit and others, despite liberal pleading requirements for *pro se* litigants, it is not the role of the court to guess the nature of the claim(s) asserted." *Agee v. Wells Fargo Bank*, 2010 WL 1981047, *2 (E.D. Mich. 2010), citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Nuclear Transportation & Storage, Inc. v. United States*, 890 F.2d 1348 (6th Cir. 1989); *Chapman v. City of Detroit*, 808 F.2d 459 (6th Cir. 1986). In this case, as in *Agee*, "no more than guessing could take place." *Id*. Thus, despite plaintiff's *pro se* status, given the incomprehensible nature of plaintiff's complaint, the undersigned concludes that dismissal of all claims as to all defendants is appropriate.

B.  <u>Res Judicata</u>

There are additional reasons to dismiss the complaint against Troopers Duplessis and Stewart, Judge Steenland, and Judge Matthew Switalski. These defendants move to dismiss the complaint as duplicative of Case No. 10-12991 and assert that it should be dismissed for the same reasons the claims were recommended to be dismissed in that case by Magistrate Judge Majzoub. Since the filing of this motion to dismiss, all of Judge Majzoub's recommendations have been adopted by the District Court in Case No. 10-12991, and judgment was entered, dismissing plaintiff's complaint with prejudice. (Case No. 10-12991, Dkt.

27, 33, 41, 51, 57, 58). Plaintiff's claims against the Trooper defendants were dismissed under *Heck v. Humphrey* because his criminal matter was still pending, on judicial and Eleventh Amendment immunity grounds as to Judges Switalski and Steenland, and under Rule 12(b)(6) for failure to state a claim on which relief can be granted. *Id*.

In the view of the undersigned, plaintiff's claims against these defendants in this case are barred by *res judicata*. "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). To apply the doctrine of *res judicata*, three elements must be present: (1) judgment on the merits in an earlier action; (2) identity of the parties or their privies in the two suits; and (3) identity of the cause of action or claims between both suits. *Blonder-Tongue Laboratories v. Univ. of Ill. Foundation*, 402 U.S. 313, 323-24 (1971). These factors exist in this case. The current claims against these defendants either were raised or could have been raised in the first filed action:

> Where a plaintiff has sued parties in serial litigation over the same transaction; where plaintiff chose the original forum and had the opportunity to raise all its claims relating to the disputed transaction in the first action; where there was a "special relationship" between the defendants in each action, if not complete identity of parties; and where although the prior action was

> concluded, the plaintiff's later suit continued to seek essentially similar relief-the courts have denied the plaintiff a second bite at the apple.

*Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279, 1288 (5th Cir. 1989). Given the verbosity and difficulty following the complaints filed in both cases, the precise nature of the claims in both cases is not entirely clear. However, it is clear that both complaints, as to these defendants, arise from the arrest by the defendant Troopers of plaintiff and his subsequent prosecution and appearances before Judges Steenland and Switalski. These claims were previously found to be meritless and nothing in plaintiff's new complaint suggests that any different conclusion should be reached here. Moreover, any additional claims against these defendants arising from the same factual circumstances are also barred because they could have been brought in the first lawsuit. Thus, plaintiff's claims against these defendants are barred by *res judicata*.

    C.    <u>Immunity</u>

The Court finds that judicial immunity bars the plaintiff's claims against Judges Steenland and Switalski. In *Barrett v. Harrington*, 130 F.3d 246, 254–56 (6th Cir. 1997), the court determined that judges, when performing judicial functions, are entitled to absolute immunity from suits for money damages. Judicial immunity is abrogated only when a judge is not acting in a judicial capacity, or when the judge takes action in the absence of jurisdiction, which is not

the case here. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Whether an action is "judicial" depends on the "'nature' and 'function' of the act, not the 'act itself.'" *Id*. at 13, quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). This functional analysis generally turns on two factors set forth by the Supreme Court in *Stump*. First, rather than looking at a particular act in isolation, courts should "look to the particular act's relation to a general function normally performed by a judge." *Mireles*, 502 U.S. at 13. Second, courts must assess whether the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362. An act "'does not become less judicial by virtue of an allegation of malice or corruption of motive." *Sparks v. Character and Fitness Committee of Kentucky*, 859 F.2d 428, 432 (6th Cir. 1988), quoting *Forrester v. White*, 484 U.S. 219, 227 (1988). The complaint in this case contains many allegations about the conduct of Judges Steenland and Switalski, but they are all related to the performance of their judicial duties involving the adjudication of the plaintiff's criminal case.

As to the remaining state officials who are named defendants, plaintiff's claims against them are barred by Eleventh Amendment immunity because the claims appear to be made against them in their official capacities, with such allegations as having taken their oaths of office under false pretenses, failing to report criminal activities, and making a mockery of the court system and the constitution. Eleventh Amendment immunity extends to "state instrumentalities,"

*Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997), and state officials sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "The state of Michigan ... has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and Congress did not abrogate the states' sovereign immunity under the Eleventh Amendment when it enacted § 1983. *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993).[2] Further, to the extent plaintiff's claims are intended to implicate Senator Stabenow in her official capacity (which, like the other defendants, appears to be the case), those claims are barred by sovereign immunity. *See e.g.*, *Rockefeller v. Bingaman*, 234 Fed.Appx. 852, 855 (10th Cir. 2007) (affirming dismissal of official capacity claims against a U.S. Senator).

The claims against prosecutor Mellos are similarly barred. "Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000). A prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and ... presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The Sixth Circuit has held:

---

[2] While it is not entirely clear, plaintiff's complaint appears to be a civil rights complaint, falling with the scope of 42 U.S.C. § 1983.

> Those acts that occur in the course of the prosecutor's role as an advocate for the state, e.g., acts taken to prepare for the initiation of judicial proceedings or to prepare for trial, are protected by absolute immunity. By contrast, a prosecutor who "performs the investigative functions normally performed by a detective or police officer" such as "searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested" is entitled only at most to qualified immunity.

*Cooper*, 203 F.3d at 947 (internal citations omitted). As with judicial immunity, the motives of the prosecutor are irrelevant for purposes of immunity. *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003). Plaintiff's claims against Mellos appear to be grounded in her conduct during his criminal prosecution and thus, are barred by prosecutorial immunity.

    D.    <u>Plaintiff's Motion for Summary Judgment</u>

As set forth above, the undersigned finds plaintiff's claims to be completely without merit. Thus, his motion for summary judgment should be denied.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants' motions to dismiss be **GRANTED**, that plaintiff's motion for summary judgment be **DENIED**, and that plaintiff's complaint be **DISMISSED** with prejudice.[3]

---

[3] Given the conclusions reached in this report, the undersigned concludes that the remaining arguments raised by the various defendants need not be

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may addressed.

rule without awaiting the response.

Date: May 9, 2012                              s/Michael Hluchaniuk
                                               Michael Hluchaniuk
                                               United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on May 9, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Jill K. Smith, Darlene M. Haas Awada, John G. Fedynsky, John E. McSorley, and Timothy D. Tomlinson, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Teddy Lawrence, 28014 Walker Avenue, Warren, MI 48092.

                                               s/Tammy Hallwood
                                               Case Manager
                                               (810) 341-7887
                                               tammy_hallwood@mied.uscourts.gov