UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEDDY-LAWRENCE,

   Plaintiff,

v.

   Civil Number: 11-10980
   Honorable David M. Lawson
   Magistrate Judge Michael J. Hluchaniuk

BETSY MELLOS, RICK SNYDER,
SUE CERR SNYDER, DEBBIE STABENOW,
PETER J. MACERONI, DAVID F. VIVIANO,
DIANE M DRUZINSKI, DONALD G. MILLER,
JOHN C. FOSTER, JUDY C. SWITALSKI,
MARY A. CHRZANOWSKI, RICHARD L. CARETTI,
TRACEY A. YOKICH, DONALD STEWART,
PHILLIP E. DUPLESSIS, CATHERINE B. STEENLAND,
RICHARD M. STEENLAND, MATTHEW SWITALSKI,
MARK S. SWITALSKI, EDWARD A. SERVITTO, JR,
and JAMES M. BIERNAT, JR,

   Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING COMPLAINT**

The plaintiff, who identifies himself as "Teddy-Lawrence," has filed a complaint against a variety of individuals alleging that his constitutional rights have been and are being violated during the course of a criminal prosecution that is pending against him in Macomb County, Michigan. The plaintiff has filed other lawsuits of a similar nature in an effort either to remove his state prosecution to this Court or to forestall it. *See Michigan v. Teddy Lawrence Boniecki*, No. 10-12875 (case removed and remanded to state court); *Teddy Lawrence Boniecki v. Matthew Switalski*, et al., No. 10-12991 (civil rights complaint against arresting officers and state court judges dismissed); *Michigan v. Teddy L. Boniecki*, No. 11-12011 (case removed and remanded to state court). The

present case alleges that state law enforcement officers and judges violated the plaintiff's civil rights; other public state and federal officials failed to intervene to prevent the alleged violations; and the spouses of the officials are accountable in damages to the plaintiff because they benefitted from the theft of public funds. The Court referred this case to Magistrate Judge Michael J. Hluchaniuk for pretrial management. Thereafter, nearly all the defendants filed motions to dismiss, and the magistrate judge ordered the plaintiff to show cause why the case against the nonmoving defendants should not be dismissed as frivolous. The plaintiff responded to the show cause order and some of the motions, and he filed a motion for summary judgment of his own.

On May 9, 2012, Judge Hluchaniuk filed a report recommending that all the motions to dismiss be granted, the plaintiff's motion for summary judgment be denied, and the case be dismissed with prejudice. Judge Hluchaniuk observed that the complaint itself was an agglomeration of incomprehensible claims littered with extraneous detail and argumentative statements, punctuated with buzzwords and gibberish. He found that the pleading violated all the basic precepts of Federal Rule of Civil Procedure 8 and failed to state an intelligible claim. Judge Hluchaniuk indulged the pleader and characterized the complaint as an attack by the plaintiff on his pending state court prosecution and the law enforcement officials maintaining the case against the plaintiff. Judge Hluchaniuk determined that those individuals were entitled to prosecutorial, judicial, and Eleventh Amendment immunity. In addition, because the plaintiff had filed a similar complaint against state officials that had been dismissed on the merits, Judge Hluchaniuk found that the present action is barred by the doctrine of claim preclusion, also known as *res judicata*, because the issues raised here were or could have been raised in the prior federal action determined against the plaintiff. Finally, Judge Hluchaniuk concluded that the claims against the other state and federal

officials are barred by Eleventh Amendment and sovereign immunity. The plaintiff filed timely objections and the matter is before the Court for fresh review.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Ibid.* The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." *United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. *Flournoy v. Marshall*, 842 F.2d 875, 878 (6th Cir. 1988).

The Court has reviewed the plaintiff's objections. Nothing in the objections convinces the Court that the magistrate judge erred in his recommendation. The thrust of the plaintiff's objections is that (1) the immunity doctrines do not bar a complaint for violation of constitutional rights; (2) the doctrine of *res judicata* is not a bar because the plaintiff can petition the government for redress of grievances, which he takes to mean that he can file as many federal lawsuits challenging his state prosecution as he wants to; and (3) deciding the case as a matter of law is not permitted because the plaintiff requested a jury trial. None of those objections finds support in the jurisprudence, and the

-3-

plaintiff has not cited any authority supporting his legal reasoning. Moreover, the objections shed little light on the plaintiff's claims, and they do not address the specifics of the magistrate judge's report. "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

The Court has reviewed all the filings, agrees with the magistrate judge's conclusions, and adopts them as its own. The magistrate judge did not err in his recommendation. The plaintiff's reasoning and his efforts to prevent the state courts from adjudicating his criminal case find no basis in the Constitution or federal laws. His earlier attempts to remove his state court criminal case were groundless. His prior civil rights action was dismissed as meritless. The same applies here. The magistrate judge was correct in concluding that the plaintiff is not entitled to relief in this Court.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #42] is **ADOPTED**, and the plaintiff's objections [dkt. #45] are **OVERRULED**.

It is further **ORDERED** that the defendants' motions to dismiss [dkt. #17, 25, 29, 32, 33, 38] are **GRANTED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #36] is **DENIED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson  
DAVID M. LAWSON  
Dated:  August 28, 2012                              United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 28, 2012.

                                        s/Deborah R. Tofil
                                        DEBORAH R. TOFIL